```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| ONIL HERNANDEZ | CIVIL ACTION |
| VERSUS | NO. 04-1867 |
| TUBOSCOPE, A DIVISION OF VARCO, L.P., ET AL. | SECTION B(2) |

                         ORDER AND REASONS

Defendants argue that in the context of Plaintiff's Counsel's three prior requests for a continuance, this Court should find that Plaintiff's Counsel's surgery was merely a delay tactic to secure the continuance the Court was initially unwilling to grant.  On May 31, 2005, all parties' counsel participated in a Pretrial Conference and Plaintiff's Counsel indicated his willingness and intent to proceed with trial as scheduled.  It was only after a doctor's appointment the following day that Plaintiff's Counsel had any indication he may need to have surgery.  There is no indication Plaintiff's Counsel knew at that time that he would *need* to have surgery nor that he knew the date such surgery would be scheduled.  While it would have been more considerate for Plaintiff's Counsel to have informed the Court and opposing counsel on June 1 when he first learned of the possibility, it was not unreasonable or vexatious

1

for Plaintiff's Counsel not to do so given he lacked any specific information about when such surgery would be scheduled or that surgery might interfere with the scheduled trial date.  Within 24 hours of learning the scheduled surgery date, Plaintiff's Counsel contacted both the Court and opposing counsel to inform them of the potential conflict with the trial date.  These actions do not indicate bad faith, improper motive, or reckless disregard of Plaintiff's Counsel's duty to this Court.[1]  Absent a showing of bad faith, improper motive, or reckless disregard of Counsel's duty to this Court,

   **IT IS ORDERED** that Defendant's Motion for Sanctions (Rec. Doc. No. 80) is **DENIED.**

   New Orleans, Louisiana, this 1st day of March, 2006.

                                   UNITED STATES DISTRICT JUDGE

---

[1] Defendants urge this Court to consider Counsel's attendance at a Tulane baseball game as evidence of Counsel's bad faith, improper motive, or reckless disregard of the duty owed to this Court.  This Court is not convinced.  Counsel explains he was invited to the game *after* the trial date had been continued. Construing the circumstances in the light most favorable to the party that may be sanctioned, Counsel's attendance of the game upon an invitation received *after* the case had been continued is not evidence of bad faith, improper motive, or reckless disregard of the duty owed to the Court and therefore will not be considered in determining whether Counsel should be subjected to sanctions.